**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW BRUNSWICK PARKING AUTHORITY, | |
| Plaintiff, | Civil Action No. 20-1171 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| BROTHER JIMMY'S FRANCHISING LLC, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff New Brunswick Parking Authority's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendant Brother Jimmy's Franchising LLC ("Defendant") opposed (ECF No. 8), and Plaintiff replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion to Remand is granted.

## I.   BACKGROUND

On May 14, 2018, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County against New Brunswick BBQ, LLC, d/b/a Brother Jimmy's ("New Brunswick BBQ") alleging breach of contract. (*See generally* Compl., Ex. 3 to Notice of Removal,[1] ECF No. 1-3.) Plaintiff alleged that New Brunswick BBQ "failed to pay rent, common

---

[1] Plaintiff's Complaint is found as an attachment to Defendant's Notice and Removal, and spans from pages *4 through *6 of the ECF document's twenty-two pages. (*See* ECF No. 1-3 (page numbers preceded by an asterisk refer to the page number on the ECF header).) The Court's citations to the Complaint throughout this Opinion reflect this page range.

area maintenance fees, utility fees, and other charges" associated with a fifteen-year commercial lease between the parties. (*Id.* ¶¶ 5–6.) On March 14, 2019, Plaintiff filed an Amended Complaint against New Brunswick BBQ, Defendant, several other entities, and one individual. (*See generally* Am. Compl., Ex. 3 to Notice of Removal,[2] ECF No. 1-3.) The Amended Complaint alleged New Brunswick BBQ's breach of the commercial lease, and asserted that the added parties "own, control, finance[,] or are otherwise responsible at law for the conduct of . . . New Brunswick BBQ[.]" (*Id.* ¶¶ 14–21.)

Defendant unilaterally removed the action to this Court on February 3, 2020 pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332. (*See generally* Notice of Removal, ECF No. 1.) The Notice of Removal (1) noted that, to Defendant's knowledge, New Brunswick BBQ had not appeared in the action, and (2) asserted that, at the time of removal, Plaintiff had not served Defendant "at its address for notice[.]" (*Id.* ¶¶ 5, 9.) Plaintiff now moves to remand the instant matter to state court, asserting that Defendant's removal was improper because it was without the consent of New Brunswick BBQ and untimely. (Pl.'s Moving Br. 5–6, 7–8, ECF No. 4-2.)

## II. LEGAL STANDARD

A defendant in a state court civil action may remove the case to federal court if the federal court would have had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Samuel-Bassett v. KIA Motors Am., Inc.*,

---

[2] Like the Complaint, Plaintiff's Amended Complaint is found as an attachment to Defendant's Notice of Removal, and spans from pages *13 through *17 of the ECF document's twenty-two pages. (*See* ECF No. 1-3.) The Court's citations to the Amended Complaint throughout this Opinion reflect this page range.

2

357 F.3d 392, 396 (3d Cir. 2004). Once the matter has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal, and all doubts are to be resolved in favor of remand. *Samuel-Bassett*, 357 F.3d at 396.

## III. DISCUSSION[3]

### A. Rule of Unanimity

"Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible." *Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011) (citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)). "Remand[, therefore,] is appropriate where one or more defendants do not join in removal." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699 (D.N.J. 2011). This rule of unanimity, however, does not apply in the following situations: "(1) when the nonjoining defendant is a nominal party; (2) when the defendant has been fraudulently joined; or (3) when a defendant has not been served when the removing defendants filed their notice of removal." *Id.* at 699–700 (citation omitted); *see also Love v. Does 1-9*, No. 17-1036, 2017 WL 5717792, at *3 (D.N.J. Nov. 28, 2017). In its Opposition Brief, Defendant does not allege fraudulent joinder. (*See generally* Def.'s Opp'n Br., ECF No. 8.) Defendant also concedes that Plaintiff properly served New Brunswick BBQ. (*Id.* at *3 ("The procedural history of this case is accurately stated in Plaintiff's papers aside from [Defendant's service of process.]"); *see also* Pl.'s Moving Br. 3.) New Brunswick BBQ's nominal status, therefore, is the only exception Defendant may assert to avoid the rule of unanimity. *See Corea Firm*, 821 F. Supp. 2d

---

[3] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Defendant's Notice of Removal was filed on February 3, 2020 (ECF No. 1), and Plaintiff's Motion to Remand was filed on March 4, 2020 (ECF No. 4). Plaintiff's Motion to Remand, therefore, is timely.

3

at 699. Although Defendant does not explicitly invoke this exception, because it is the only remaining exception to the rule, the Court views Defendant's removal in this light.

An entry of default judgment does not render a party nominal for removal purposes. *Id.* at 701 ("The mere fact that plaintiff [is] entitled to a default judgment against [an arguably nominal defendant] supports plaintiff['s] argument that [the defendant] is not a nominal party." (citation omitted) (alteration in original)). Defendants argue that "whether Defendant can fairly litigate this matter in [f]ederal [c]ourt should not depend on whether [Defendant is] able to obtain consent from [New Brunswick BBQ,] who has long ago shirked [its] obligation to pay [its] dues." (Def.'s Opp'n Br. *3.) "[R]emoval statutes[, however,] are strictly construed against removal in part as a gatekeeping function for the federal courts, and remand has been granted in cases where the removing defendant was in all likelihood unable to obtain the co-defendant's consent." *Corea Firm*, 821 F. Supp. 2d at 701.

Here, Plaintiff asserts—and Defendant concedes—that the Superior Court "entered default against both" New Brunswick BBQ and Defendant.[4] (Pl.'s Moving Br. 2; Def.'s Opp'n Br. *3.) Because the Superior Court's default entry did not render New Brunswick BBQ a nominal party, it was required to join in removal. *Delalla*, 660 F.3d at 188. New Brunswick BBQ's absence, accordingly, renders Defendant's removal improper.

---

[4] Plaintiff does not explicitly state a default *judgment* was entered against New Brunswick BBQ and Defendant. (Pl.'s Moving Br. 2.) Because, however, Plaintiff alleges the Superior Court *itself* entered default, the Court assumes Plaintiff refers to a default judgment. *Compare* N.J. Ct. R. 4:43-1 (entry of default entered by the clerk), *with* N.J. Ct. R. 4:43-2 (final default judgment entered by the clerk or the court). Notwithstanding this minor issue, the Court finds that such uncertainty further warrants remand. *Samuel-Bassett*, 357 F.3d at 403 ("[D]oubts must be resolved in favor of remand").

4

### B. Timing

Plaintiff also argues that Defendant's Notice of Removal was not timely because it was not filed within thirty days of its service of process as prescribed by 28 U.S.C. § 1446(b)(1).[5] (Pl.'s Moving Br. 7–8.) Defendant asserts that Plaintiff did not properly serve Defendant, and, therefore, "the time limit has not yet even begun to run." (Def.'s Opp'n Br. *2–3.) Defendant further contends that, for limited liability companies ("LLC") such as itself, service must be made upon "an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof." (*Id.* at *4–5.) Defendant also asserts that service could have been effected only at either of its "address[es] for notice[,]" which are located in Delaware and New York City. (*Id.* *5.)

Defendant confuses the requirements for effecting service upon an LLC with the requirements for effecting service upon a corporation. Under New Jersey law, service of process upon unincorporated associations shall be made "by serving a copy of the summons and complaint . . . on an officer or managing agent[.]" N.J. Ct. R. 4:4-4(a)(5). Here, Plaintiff asserts that on October 24, 2019, the Amended Complaint and summons were served upon Brandy Lewis at 181 Lexington Avenue, New York, NY 10016. (Oct. 24, 2019 Aff. of Service ("Aff. of Service") *128–29, Ex. F. to Mot. to Remand, ECF No. 4-2; *see also* Pl.'s Moving Br. 7.) According to Plaintiff's Affidavit of Service, Ms. Lewis stated she was authorized to accept service of process on behalf of Defendant. (Aff. of Service *129.) In its Opposition Brief, Defendant, however, does not address Plaintiff's allegation that service of process was effected by way of Ms.

---

[5] "The notice of removal of a civil action or proceeding shall be filed within [thirty] days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). Plaintiff asserts that Defendant was served on October 24, 2019. (Pl.'s Moving Br. 7.) Defendant's Notice of Removal was filed on February 3, 2020, 103 days later. (*See* Notice of Removal.)

5

Lewis. (*Compare* Pl.'s Moving Br. 4 (citing Aff. of Service *129), *with* Def.'s Opp'n Br. *generally*.) Nor does Defendant argue that Ms. Lewis is not an officer or managing agent eligible for LLC service of process under N.J. Ct. R. 4:4-4(a)(5). (*See generally* Def.'s Opp'n Br.) Rather, Defendant asserts that "it was incumbent upon [Plaintiff] to serve any of Defendant's *general* agents" at the Defendant's "address for notice on file with the Secretary of State of Delaware or the Secretary of State of New York." (*Id.* at *5 (emphasis added).) Defendant, therefore, has failed to demonstrate insufficient service of process. Accordingly, Defendant has failed to meet its burden of demonstrating that removal was timely and proper. *Samuel-Bassett*, 357 F.3d at 396.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is granted. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**